## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARL WHEBY, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>ENDOCYTE, INC., JOHN C. APLIN, COLIN GODDARD, MARC KOZIN, PHILIP S. LOW, PATRICK MACHADO, FRED A. MIDDLETON, LESLEY RUSSELL, MIKE A. SHERMAN, and DAWN SVORONOS,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)  CLASS ACTION<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on October 18, 2018 (the "Proposed Transaction"), pursuant to which Endocyte, Inc. ("Endocyte" or the "Company") will be acquired by Novartis AG and Edinburgh Merger Corporation (together, "Novartis").

2.      On October 17, 2018, Endocyte's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Novartis. Pursuant to the terms of the Merger Agreement, Endocyte's stockholders will receive $24.00 in cash for each share of Endocyte common stock they hold.

3. On October 31, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Endocyte common stock.

9. Defendant Endocyte is a Delaware corporation and maintains its principal executive offices at 3000 Kent Avenue, Suite A1-100, West Lafayette, Indiana 47906. Endocyte's

common stock is traded on the NasdaqGS under the ticker symbol "ECYT." Endocyte is a party to the Merger Agreement.

10. Defendant John C. Aplin is Chairman of the Board of the Company.

11. Defendant Colin Goddard is a director of the Company.

12. Defendant Marc Kozin is a director of the Company.

13. Defendant Philip S. Low is a director of the Company.

14. Defendant Patrick Machado is a director of the Company.

15. Defendant Fred A. Middleton is a director of the Company.

16. Defendant Lesley Russell is a director of the Company.

17. Defendant Mike A. Sherman is Chief Executive Officer and President of the Company.

18. Defendant Dawn Svoronos is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Endocyte (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of October 16, 2018, there were 81,759,272 shares of Endocyte common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others,

whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27.     Endocyte is a biopharmaceutical company and leader in developing targeted therapies for the personalized treatment of cancer.

28.     The Company's drug conjugation technology targets therapeutics and companion imaging agents specifically to the site of diseased cells.

29.     Endocyte's lead program is a prostate specific membrane antigen ("PSMA")-targeted radioligand therapy, $^{177}$Lu-PSMA-617, which is in phase 3 for metastatic castration-

4

resistant prostate cancer ("mCRPC") for PSMA-positive patients.

30. Endocyte also expects to have an Investigational New Drug application submitted in the fourth quarter of 2018 for its adaptor-controlled CAR T-cell therapy, which will be studied initially in osteosarcoma.

31. On October 17, 2018, Endocyte's Board caused the Company to enter into the Merger Agreement with Novartis.

32. Pursuant to the terms of the Merger Agreement, Endocyte's stockholders will receive $24.00 in cash for each share of Endocyte common stock they hold.

33. According to the press release announcing the Proposed Transaction:

> Endocyte, Inc. (Nasdaq:ECYT), a biopharmaceutical company developing targeted therapeutics for cancer treatment, today announced that it has entered into an agreement and plan of merger with Novartis AG ("Novartis") pursuant to which Novartis will acquire Endocyte for $24 per share, or a total equity value of approximately $2.1 billion, in cash. This offer represents a premium of 54% percent to Endocyte's closing price of $15.56 on October 17, 2018.  The transaction was unanimously approved by the board of directors of Endocyte. . . .
>
> Completion of the transaction is expected in the first half of 2019, subject to approval by Endocyte stockholders, antitrust and regulatory approvals and other customary closing conditions. Until that time, Endocyte will continue to operate as a separate and independent company.
>
> Centerview Partners LLC is acting as lead financial advisor to Endocyte. Jefferies LLC is also acting as financial advisor to Endocyte.  Faegre Baker Daniels LLP is acting as legal counsel to Endocyte.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

34. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

35. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

36. The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview") and Jefferies LLC ("Jefferies").

37. With respect to Centerview's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal value of Endocyte; (ii) the inputs and assumptions underlying the discount rates ranging from 13.0% to 15.0%; (iii) Centerview's basis for applying a perpetuity growth rate of (80%); (iv) the Company's net operating losses and future losses; (v) Endocyte's net cash balance; and (vi) the number of fully-diluted outstanding Company shares.

38. With respect to Jefferies' Selected Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Jefferies in the analysis.

39. With respect to Jefferies' Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal value of Endocyte; (ii) the inputs and assumptions underlying the discount rate range of 13.2% to 14.2%; (iii) Jefferies' basis for applying a range of perpetuity growth rates of 0.0% to (10.0%); and (iv) Endocyte's net operating loss carryforwards.

40. With respect to Jefferies' analysis of premiums paid, the Proxy Statement fails to disclose the transactions observed by Jefferies in the analysis and the premiums paid in such transactions.

41. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness

of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Recommendation of the Special Committee and our Board; (iii) Certain Endocyte Unaudited Prospective Financial Information; (iv) Opinion of Centerview Partners LLC; and (v) Opinion of Jefferies LLC.

43.     The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Endocyte

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Endocyte is liable as the issuer of these statements.

46.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

47.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

48. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

49. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

50. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

51. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants acted as controlling persons of Endocyte within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Endocyte and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

8

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

56. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 14, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com